

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable B. H. Utley
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-7142

Re: Whether Clay County is en-
titled to an apportionment
from the State of Texas under
the provisions of Subdivision
(a) of Section 15, Article
3912e, V. A. C. S.

We have received your request for our opinion on
the hereinabove captioned matter and we quote from your letter
as follows:

"Is a county not operating under the
Officers' Salary Fund, but pays the county
attorney, who is also district attorney, an
ex officio salary of $75.00 per month out of
the General Fund, entitled to a refund from
the State for such officer's salary for
service to the State?

"I hear that Montague County received the
refund or compensation and if Clay County is
entitled to share in it, I will appreciate your
ruling. If so, what must be done to get same?"

We also quote from a letter written to Hon. George H.
Sheppard, Comptroller of Public Accounts, by Hon. Lawrence
Nuckolls, County Clerk of Clay County, Texas, on January 28,
1946, as follows:

"This is to advise you of an Order passed by
the Commissioners' Court of Clay County, Texas, on
January 14, 1946, which Order reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"'Order No. 10
Jan. 14, 1946

"'Motion by Mr. Reeves and seconded by Mr.
Williams and so ordered by the court that County
Officials of Clay County, Texas be paid on fee
basis for year 1946.'"

House Bill No. 559, Acts of the 49th Leg., Regular Session,
1945, p. 107, reads in part as follows:

"Section 1. The Counties of Archer, Clay and
Montague shall hereafter constitute and be the
Ninety-seventh Judicial District of the State of
Texas, . . .

"* * *

"Sec. 5. The County Attorneys of the respective
Counties embraced within the Ninety-seventh Judicial
District shall do and perform the duties of the County
Attorneys and District Attorneys in their respective
Counties, and shall receive such fees for their ser-
vices as are now or may hereafter be provided by law."

Sec. 2 of Art. 3912e, Vernon's Annotated Civil Statutes, pro-
vides in part as follows:

". . .In counties having a population of less than
twenty thousand (20,000) inhabitants according to the
last preceding Federal Census, it shall likewise be the
duty of the Commissioners' Court, by its order duly
made and entered of record at its first regular meeting
in January of each calendar year, to determine whether
county officers of such county (excluding county sur-
veyors, registrars of vital statistics and notaries
public) shall be compensated for the fiscal year on the
basis of an annual salary or whether they shall be com-
pensated on the basis of fees earned by them in the
performance of their official duties, and it shall also
be the duty of the county clerk to forward to the Comp-
troller of Public Accounts of the State of Texas, on or
before the 31st day of January, a certified copy of said
order of said Commissioners' Court."

Sec. 15 of Art. 3912e, V. A. C. S., reads in part as follows:

"The Commissioners' Court in counties having a population of less than twenty thousand (20,000) inhabitants, according to the last preceding Federal Census at the first regular meeting in January of each calendar year, may pass an order providing for compensation of all county and precinct officers on a salary basis. . .

"(a) The compensation of a Criminal District Attorney, or County Attorney who performs the duties of District Attorneys, together with the compensation of his assistants, shall be paid out of the County Officers' Salary Fund, but the State shall pay into such Fund each year an amount equal to a sum which bears the same proportion to the total salary of such Criminal District Attorney, or County Attorney performing the duties of a District Attorney, together with the salary of his assistants, as all felony fees collected by such official during the year of 1935 bear to the total fees collected by such official during such year."

Subdivision (a) of Sec. 6, Art. 3912e, V. A. C. S., reads in part as follows:

"In counties wherein the county officials are on a salary basis, in addition to the monies deposited in said Officers' Salary Fund or funds under the provisions of Sections 1, 3 and 5 of this Act there shall be deposited therein quarterly on the first day of January, April, July and October of each year, such sums as may be apportioned to such county under the provisions of this Act, out of the available appropriations made by the Legislature for such purposes provided, however, that in counties wherein the Commissioners' Court is authorized to determine whether county officers shall be compensated on a salary basis, no apportionment shall be made to such county until the Comptroller of Public Accounts shall have been notified of the order of the Commissioners' Court that the county officers of such county shall be compensated on a salary basis for the fiscal year, and in that case the first quarterly payment of such apportionment shall be made in fifteen (15) days after receipt of such notice by the Comptroller, and the remaining payments on the dates hereinabove prescribed. . . ." (emphasis ours)

The county officials of Clay County are not compensated on a salary basis, but on the contrary they are paid on a fee basis, and in view of the plain provisions of the foregoing statutes, said fee county is not entitled to an apportionment from the State of Texas. It necessarily follows that your first question must be answered in the negative, and it is so answered. Since we have answered your first question in the negative, it is not necessary for us to answer your second question.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

(signed)

By        J. C. Davis, Jr.
Assistant

JCD:LJ:ddt:bw

APPROVED
MAR 14, 1946
signed:
Carlos C. Ashley
First Assista nt
Atto rney General

APPROVED
OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN